AO 91 (Rev. 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

4/21/25

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

United States of America
v.

LUIS CALLEJAS-ROSAS

*Defendant(s)*

Case No. 3:25-mj-179

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 11, 2025 in the county of Shelby in the Southern District of Ohio , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Previously Removed Alien. |

This criminal complaint is based on these facts:

See affidavit of SA Branson Trey Yeakley, HSI

☑ Continued on the attached sheet.

Branson T. Yeakley
*Complainant's signature*

SA Branson Trey Yeakley, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone *(specify reliable electronic means)*.

Date: 4/21/25

City and state: Dayton, Ohio

Peter B. Silvain, Jr.
United States Magistrate Judge

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO

# AFFIDAVIT

I, Branson Trey Yeakley, being duly sworn, do hereby depose and say:

1. I have been a Special Agent (SA) for the United States government since September 2019. I began as a SA with the Air Force Office of Special Investigations (OSI) until transferring to Homeland Security Investigations (HSI) in December 2023. My current duties include but are not limited to the investigation of violations of Title 8 and Title 18 of the United States Code. As part of my training, I attended the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program (CITP), Air Force OSI Basic Special Investigator's Course (BSIC), and HSI Special Agent Training Program (HSISAT) where I received training of various criminal violations, including the violation detailed in this affidavit. I have conducted numerous investigations of federal violations of law, including immigration violations.

2. This affidavit is made in support of a criminal complaint and arrest warrant for Luis CALLEJAS-ROSAS (hereinafter referred to as CALLEJAS-ROSAS), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from official documents, databases, other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of, or investigation into this matter.

3. On or about April 11, 2025, Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Cincinnati received notification that CALLEJAS-

ROSAS was at the Shelby County Jail in Sidney, OH based on an arrest by the Sidney (OH) Police Department for domestic violence and strangulation. Record checks indicated CALLEJAS-ROSAS is a native and citizen of Mexico by virtue of birth and is not in possession of a valid immigration document allowing him to be or remain in the United States legally. Accordingly, on or about April 11, 2025, ERO Cincinnati issued an immigration detainer.

4. On or about April 17, 2025, ERO Cincinnati arrested CALLEJAS-ROSAS at the Shelby County Jail in Sidney, Ohio after he was released on local criminal charges. He was arrested without incident and transported to the ICE Cincinnati Office for processing. Upon arriving, CALLEJAS-ROSAS' fingerprints were scanned and enrolled in various Department of Homeland Security (DHS) databases, which confirmed the subject's identity, and immigration and criminal history.

5. During routine administrative processing, CALLEJAS-ROSAS claimed that he was born in Mexico and is a citizen and national of Mexico. CALLEJAS-ROJAS made no claims to U.S. citizenship or Lawful Permanent Resident status. He also claimed to have last entered the U.S. without inspection. He claimed he did not know the date or location of his latest entry.

6. Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted or found to be illegally present in the United States. I also know that a DHS A-File usually contains forms, photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained. The

A-file corresponds with an "A-number", a unique number assigned to foreign nationals as they undergo proceedings through the United States immigration system. Occasionally, particularly before most records were at least partially digitized, foreign nationals received multiple A-numbers that were combined together. CALLEJAS-ROSAS' A-file is maintained under A-numbers 077445248 and 077445385. I know that in addition to A-files, DHS utilizes numerous databases and indices to store immigration related information that correlates with documents found in the A-file.

7. On April 17, 2025, I reviewed the above-mentioned databases for records associated with CALLEJAS-ROSAS' A-files, and determined the following:

a. On or about October 26, 2001, CALLEJAS-ROSAS was ordered removed from the United States by a designated official. CALLEJAS-ROSAS was then officially removed and deported from the United States on or about November 7, 2001, at or near Laredo, Texas.

b. On or about July 21, 2003, CALLEJAS-ROSAS was again found in the United States. CALLEJAS-ROSAS' previous order of removal was reinstated, and on or about August 8, 2003, he was officially removed and deported from the United States at or near Brownsville, Texas.

c. On or about April 2, 2008, CALLEJAS-ROSAS was again found in the United States. CALLEJAS-ROSAS' previous order of removal was reinstated, and on or about April 8, 2008, he was officially removed and deported from the United States at or near Laredo, Texas.

8. I also reviewed DHS Indices that track lawful entries into the United States. Those indices indicated that CALLEJAS-ROSAS had not lawfully entered the United States, nor had he applied for nor obtained permission from the Attorney General of the United States or her designated successor or the Secretary of Homeland Security, to re-enter the United States legally since CALLEJAS-ROSAS had last been deported.

9. Based on the foregoing facts, there is probable cause to believe that CALLEJAS-ROSAS has violated Title 8, United States Code, Section 1326(a): Reentry of Previously Removed Alien.

Branson T. Yeakley

Branson Trey Yeakley
Special Agent – HSI

Subscribed and sworn to before me on this 21st day of April, 2025.

Peter B. Silvain, Jr.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO